In re DORAL FINANCIAL CORP.
SECURITIES LITIGATION

No. MDL–1706.

Judicial Panel on Multidistrict Litigation.

Oct. 31, 2005.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of seventeen actions listed on the attached Schedule A and pending in two districts as follows: fifteen actions in the Southern District of New York and two actions in the District of Puerto Rico.[1] Before the Panel is a motion by plaintiff in one of the actions in the District of Puerto Rico for centralization, pursuant to 28 U.S.C. § 1407, of these actions in the District of Puerto Rico. All responding parties agree that Section 1407 centralization is appropriate. Disagreement exists, however, concerning selection of the transferee forum. One lead plaintiff movant group[2] supports transfer to the District of Puerto

---

1. The Panel has been notified of five additional actions pending in the Southern District of New York. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. Teachers Retirement System of Louisiana; the International Union of Operating Engineers Local 825 Pension Fund; the New Jersey Carpenters Pension and Annuity Funds; The Washington State Plumbers and Pipefitters Pension Plan; David Shearer, individually on behalf of Alice and Marjorie Shearer; and John D. Burgener.

Rico. Plaintiff in one action and a lead plaintiff movant group[3] in the Southern District of New York, as well as responding defendants,[4] support centralization but prefer transfer to the Southern District of New York.

On the basis of the papers filed and hearing session held, the Panel finds that these seventeen actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions share factual questions arising from alleged misrepresentations or omissions concerning Doral's financial condition and its alleged overvaluation of interest only strips—securities Doral retained when it securitized and sold certain mortgages. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Southern District of New York is an appropriate transferee forum for this litigation. Nearly all of the actions are already pending there. In addition, most of the responding parties, including the defendants, a plaintiff and a lead plaintiff movant group, favor this district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending in the District of Puerto Rico are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Richard Owen for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

## SCHEDULE A

*MDL–1706—In re Doral Financial Corp. Securities Litigation*

*Southern District of New York*

*James Finn v. Doral Financial Corp., et al.*, C.A. No. 1:05–4014

*Harold Faverman v. Doral Financial Corp., et al.*, C.A. No. 1:05–4026

*Bruce Simons v. Doral Financial Corp., et al.*, C.A. No. 1:05–4047

*Marc D. Grobler v. Doral Financial Corp., et al.*, C.A. No. 1:05–4077

*Galaxy Electronics Corp. v. Doral Financial Corp., et al.*, C.A. No. 1:05–4087

*Carlton Orchinik v. Doral Financial Corp., et al.*, C.A. No. 1:05–4098

*Ben Bernie v. Doral Financial Corp., et al.*, C.A. No. 1:05–4113

*Thanh D. Vu v. Doral Financial Corp., et al.*, C.A. No. 1:05–4141

*Michael Faith v. Doral Financial Corp., et al.*, C.A. No. 1:05–4233

*Samuel Borger v. Doral Financial Corp., et al.*, C.A. No. 1:05–4250

*Andrew Lapat v. Doral Financial Corp., et al.*, C.A. No. 1:05–4294

*Allen Scheiner v. Doral Financial Corp., et al.*, C.A. No. 1:05–4413

*Bruce M. Barich v. Doral Financial Corp., et al.*, C.A. No. 1:05–4973

*Michael Janicek v. Doral Financial Corp., et al.*, C.A. No. 1:05–5212

---

**3.** West Virginia Investment Management Board; Central States, Southeast and Southwest Areas Pension Fund; Administracion de Compensaciones por Accidentes; and Angel A. Burckhart.

**4.** Doral Financial Corp. (Doral), Salomon Levis, Zoila Levis, Mario S. Levis, David R. Levis, Richard F. Bonini, and Ricardo Melendez.

*Gueorgui Gagov v. Doral Financial Corp., et al.,* C.A. No. 1:05–5213

**District of Puerto Rico**

*Deerfield Beach Non–Uniformed Municipal Employees Retirement Plan v. Doral Financial Corp., et al.,* C.A. No. 3:05–1430

*Carlos Garcia–Flores v. Doral Financial Corp., et al.,* C.A. No. 3:05–1464